IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINTON LARU ARDS, SPN #01088273, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-17-3287 |
| v. | § § | |
| GOVERNOR GREG ABBOTT, et al., | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Clinton Laru Ards, is currently in custody at the Harris County Jail. Ards has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging his continued detention as the result of an adverse parole decision. Because Ards is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if the court determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)&(2). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

**I. Background**

Public records reflect that Ards is presently in custody at the Harris County Jail as the result of his arrest for assault on

a family member in cause number 152771201010, which is pending in the 177th District Court of Harris County, Texas.¹ In addition to these felony charges, the Texas Board of Pardons and Paroles has filed a motion to revoke Ards' parole in a previous case.² As a result, a "parole hold" has been imposed on his detention, which has reportedly prevented him from posting a bond.³

Ards has filed this lawsuit against Governor Greg Abbott and several parole officials, including Pamela Thielke, Kimberly Campbell, Patrick Embarro, L. McLain, and Leonardo Pedraza.⁴ Ards insists that the parole hold has resulted in his wrongful detention because he discharged his underlying sentence on March 24, 2017.⁵ Invoking 42 U.S.C. § 1983, Ards seeks a declaratory judgment reflecting that he completed his term of parole and $1 million in damages for his wrongful incarceration.⁶

## II. Discussion

A civil rights plaintiff cannot obtain relief under 42 U.S.C. § 1983 based on allegations of "unconstitutional conviction or

---

¹See Harris County District Clerk's Office website, located at: http://www.hcdistrictclerk.com (last visited Nov. 1, 2017).

²Complaint, Docket Entry No. 1, p. 4.

³Id.

⁴Id. at 2.

⁵Id. at 4.

⁶Id.

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). The rule in Heck applies to complaints about the fact or duration of parole. See Littles v. Board of Pardons and Paroles Division, 68 F.3d 122, 123 (5th Cir. 1995); see also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

It is evident from the pleadings that the challenged parole decision has not been set aside or invalidated.[7] Absent a showing that the disputed parole decision has been invalidated or set aside, Ards' claim for money damages is precluded by the rule in Heck. See Littles, 68 F.3d at 123. Any claim for declaratory or injunctive relief is likewise precluded. See Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). As a result, the Complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted under § 1983. See Johnson v. McElveen,

---

[7]Court records show that Ards has filed a federal habeas corpus petition to challenge his continued detention pursuant to the parole board's decision. See Ards v. Texas Board of Pardons and Paroles, Civil No. H-17-2388 (S.D. Tex.). That case remains pending in this district.

101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met").

III. **Conclusion and Order**

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Clinton Laru Ards (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

3. Officials at the Harris County Jail are directed to deduct the filing fee for indigent litigants ($350.00) from the Inmate Trust Fund account of Clinton Laru Ards (SPN #01088273) in periodic installments pursuant to 28 U.S.C. § 1915(b), and forward those funds to the Clerk of Court until the entire fee is paid.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this order by regular mail or electronic mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant Tom Katz, 1200 Baker Street, Houston, Texas 77002, phone: 713-755-8436, fax: 713-755-4546; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this 2nd day of November, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE